**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/10/2022 12:56 PM**
**CLERK OF THE COURT**
**Catherine Chavez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ARCHERY SHOPPE, INC.,**                Civil Action No.:   D-202-CV-2022-00148

　　　　　　*Plaintiff,*

**v.**

**VALLEY FORGE INSURANCE COMPANY,**

　　　　　　*Defendant.*

---

### PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF INSURANCE CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT, AND BAD FAITH ACTIONS

---

**COMES NOW** Plaintiff Archery Shoppe, Inc. (hereinafter "**Plaintiff**") and complains of Defendant Valley Forge Insurance Company (hereinafter "**Defendant**"). In support of its claims and causes of action, Plaintiff would respectfully show unto this Honorable Court as follows:

### PARTIES

1.　　Plaintiff is a New Mexico corporation with its principal place of business located in Albuquerque, Bernalillo County, New Mexico.

2.　　Defendant is an insurance company engaged in the business of adjusting insurance claims. This includes, but is not limited to, Policy Number B 6021561996 (hereinafter the "**Policy**") and Claim No. E2F63519 (hereinafter the "**Claim**") both of which apply to Plaintiff's property and are at issue in the present case.

3.　　Defendant may be served through the Office of Superintendent of Insurance by delivering a copy of the Complaint to the Office of Superintendent of Insurance, Attn: Service of

Process, P.O. Box 1689, Santa Fe, New Mexico 87504-1689.

<strong><u>JURISDICTION & VENUE</u></strong>

4.      This Honorable Court has jurisdiction and venue is proper because: (1) one or more acts or omissions forming the basis for liability occurred in Albuquerque, Bernalillo County, New Mexico; (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of New Mexico; and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of New Mexico.

5.      All conditions precedent to recovery by Plaintiff have been met or have occurred.

<strong><u>AGENCY</u></strong>

6.      All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in their normal and routine course and scope of employment with Defendant.

<strong><u>ALLEGATIONS OF PLAINTIFF</u></strong>

7.      This matter revolves around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiff's property as a result of a catastrophic weather event that occurred on or about July 30, 2018. In addition to seeking economic and penalty-based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly evaluating the extensive damages associated with this case.

8.      Plaintiff owns the real property located at 2910 Carlisle Blvd. NE, Albuquerque, NM 87110 (hereinafter the "**Property**").

9.      Prior to the occurrence in question, Plaintiff purchased the Policy from Defendant to cover the Property at issue for loss due to hail, wind, and other covered perils.

2

10.     Plaintiff made complete and timely payments of all insurance premiums. Moreover, the Policy provided coverage for the Property during the date of loss in question.

11.     On or about July 30, 2018, while the Policy was in effect, the Property sustained significant damage as the result of a covered wind and hailstorm that occurred in Albuquerque, New Mexico. The storm was a catastrophic event that included hailstones at least 1.50 inches in diameter that impacted the Property for an extended period of time.  There is no doubt this type of storm can, and did, cause damage to the Property, including, but not limited to, significant roof damage.

12.     The Property damage constitutes a covered loss under the Policy. Plaintiff opened the Claim, and Defendant assigned an adjuster to adjust the loss.

13.     Despite the fact that the damage constitutes a covered loss under the Policy, Defendant failed to provide coverage rightfully owed under the Policy and severely underpaid the Claim.  Defendant also failed to adequately and timely investigate the loss.

14.     Defendant's assigned adjuster inspected the Property and acknowledged a covered loss occurred.  Defendant, however, limited coverage to only approximately $38,000.00 for hail damage sustained by the HVAC units on the Property.  Defendant improperly denied all coverage for the significant hail damage to the roof.

15.     Indeed, Plaintiff retained a New Mexico licensed public insurance adjuster, Blue Sky Public Adjusters, LLC ("**BSA**"), to assist with the presentation of the Claim.  BSA conducted a thorough investigation of the loss concluding the scope of covered damage to the Property was significantly more than acknowledged by Defendant.

16.     This damage has also been confirmed by other contractors who have inspected the Property, including, but which may not be limited to, Quality Masters Roofing and Exteriors.

3

17.     Contrary to Defendant's position, Plaintiff presented Defendant with detailed estimates and explanations establishing the Property sustained no less than $189,000.00 in damages as a result of the weather event noted above.  More specifically, and without limitation, Plaintiff's investigation revealed there is significant hail damage throughout the modified bitumen roofing system requiring removal and replacement of system, the scuppers require removal and replacement as they are integrated into the roof system, and the installation of 3.5" ISO Board is required by the applicable building code, along with other code requirements.

18.     Plaintiff also presented Defendant with other evidence substantiating the true scope of the loss, including, but which is not limited to, numerous photographs of the significant damage to the Property.  The substantial damage to the Property presented by Plaintiff is indicative of hail and consistent with the historical weather event on July 30, 2018, which included hailstones at least 1.50 inches in diameter that impacted the Property for an extended period of time.

19.     The estimates presented by Plaintiff and the clear evidence of Property damage represent the covered damage to the Property and the minimum amount Plaintiff is owed under the Policy in connection with the Claim.

20.     These damages, in addition to other damages presented by Plaintiff, were clear and easily identifiable, but are not included in Defendant's estimate.

21.     Defendant did not account for and provide coverage for the damages to the Property caused by the covered weather event and presented by Plaintiff.

22.     Based upon the covered damages identified by Plaintiff, it is clear Defendant failed to complete a full and fair investigation of Plaintiff's loss.

23.     Based upon the covered damages identified by Plaintiff, it is clear Defendant failed to appropriately instruct its retained adjusters and/or representatives in investigating and adjusting

Plaintiff's loss.

24.     Based upon the covered damages identified by Plaintiff, it is clear Defendant failed to appropriately supervise its retained adjusters and/or representatives in investigating and adjusting Plaintiff's loss.

25.     Based upon the covered damages identified by Plaintiff, it is clear Defendant failed to ensure that all covered damages were provided for timely.

26.     Defendant continues to deny coverage for the Claim intentionally, unreasonably, and for reasons that are groundless and frivolous.

27.     In doing so, Defendant has intentionally and wrongfully denied the Claim and refused to issue a full and fair payment for the covered loss as rightfully owed under the Policy.

28.     Defendant also failed to provide Plaintiff with an adequate explanation of the basis for its denial of the Claim and refusal to offer a full and fair settlement in violation of NMSA 1978, § 59A-16-20(N). To date, Plaintiff has not received such an explanation.

29.     Defendant and its representatives conspired to intentionally deny the Claim as exhibited by Defendant's method of investigation, which was conducted in such a way in order to intentionally delay, deny, minimalize, and/or underpay the loss incurred by Plaintiff. Specifically, Defendant and its representatives willfully ignored the objective evidence of damage to the Property, all of which constitute a covered loss under the Policy and for which Plaintiff is entitled to Policy benefits.

30.     As a result, Defendant's representatives failed to fully quantify Plaintiff's losses, and Defendant's wrongful denial of the Claim failed to place Plaintiff in a pre-loss condition. Such bad faith misconduct is a violation of NMSA 1978, § 59A-16-20(E) for failing in good faith to effectuate a prompt, fair, and equitable settlement when liability has become reasonably clear.

31.     Due to Defendant's bad faith adjustment of Plaintiff's Claim, Plaintiff was forced to quantify its own damages. Based on the investigation of Plaintiff's contractors and representatives, significant repairs to the Property were recommended. Specifically, Plaintiff's contractors recommended various necessary repairs to the roof structure as set forth in their Estimates and Reports.

32.     Defendant's adjusters acted as authorized agents of Defendant. Defendant's adjusters acted within the course and scope of their authority as authorized by Defendant. Plaintiff relied on Defendant and its adjusters to properly investigate, evaluate, and adjust the Claim regarding the Property and to issue payments to fix such damage. To date, proper payments have not been made regarding the Claim.

33.     Defendant's failure to properly adjust the Claim has resulted in a delay of covered insurance benefits to Plaintiff without reasonable basis.

34.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

35.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such actions were done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment with Defendant.

36.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the undersigned attorneys who are representing Plaintiff with respect to the following causes of action.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

37.     Plaintiff hereby incorporates by reference all facts and circumstances set forth

within the foregoing paragraphs.

38.     According to the Policy, Defendant had the absolute duty to investigate Plaintiff's damages and to pay Policy benefits for the Claim made due to the extensive damages caused by the subject wind and hailstorm.

39.     As a result of the storm, Plaintiff suffered severe damages.

40.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly repair the Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

41.     Such denial is wrongful and a breach of the Policy.

42.     As a result of Defendant's breach of contract, Plaintiff is entitled to all property damages resulting therefrom.

### COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

43.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44.     The acts and failures to act of Defendant, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, § 59A-16-20, including but not limited to:

      A. Misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

      B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

C.  Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

D.  Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

F.  Failing to settle all catastrophic claims within a ninety-day period after the assignment of a catastrophic claim number when a catastrophic loss has been declared;

G.  Compelling insureds to institute litigation to recover amounts due under a policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

H.  Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

I.  Attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured, his representative, agent or broker;

J.  Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;

K. Making known to insureds or claimants a practice of insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

L. Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

M. Failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage; and/or

N. Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

45.      Defendant knowingly and willfully engaged in such acts with such a frequency as to indicate a general business practice of failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair, and equitable settlements of an insured's claims in which liability has become reasonably clear.

46.      Defendant acts in such a way to consistently delay, deny or undervalue property claims made by its insureds.

47.      As a direct and proximate result of the unfair claims practices of Defendant, Plaintiff has suffered compensatory damages, incidental damages, and consequential damages in

a monetary amount to be determined at trial.

48.     Plaintiff is also entitled to an award of attorneys' fees, costs, and treble damages under the statute.

## COUNT III: BAD FAITH

49.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

50.     There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder.

51.     Fair dealing means to act honestly and in good faith in the performance of the contract.

52.     The insurance company must give equal consideration to its own interests and the interests of the policyholder.

53.     An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

54.     In deciding whether to pay a claim, the insurance company and its employees and agents must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

55.     A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

56.     The acts and failures to act of Defendant as enumerated above constitute a breach of its duty of good faith to Plaintiff.

57.     Defendant's actions taken were unreasonable, and there was further delay by Defendant in not investigating this matter on a timely basis and in an appropriate way such that

there was a breach of duty of honesty and good faith and performance of the insurance contract such that the actions of Defendant herein constituted bad faith.

58.     Defendant acted in bad faith in refusing to pay a claim of a policyholder and did not act in fair dealing meaning good faith and performance of the contract such that the actions constitute bad faith.

59.     The actions of Defendant were in bad faith in an effort to settle or resolve this matter in that Defendant has a duty to timely investigate and fairly evaluate the claim of the insured, and Defendant has not done so in this case which constitutes bad faith.

60.     The investigation was not conducted in a competent manner such that the actions of Defendant were in bad faith.

61.     The actions of Defendant in refusing to pay under the Claim constitute bad faith under the common law, such that the actions are without reason and that are designed to prevent Plaintiff from collecting damages to which it is reasonably entitled.

62.     As a direct result of the bad faith of Defendant, Plaintiff has suffered compensatory damages, incidental damages, and consequential damages, in a monetary amount to be determined at trial.

63.     The acts and failures to act by and of Defendant as enumerated above were malicious, willful, reckless, wanton, oppressive, in bad faith, and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

64.     The acts and failures to act of Defendant as enumerated above also constitute an unreasonable failure to pay a first party coverage claim entitling Plaintiff to an award of reasonable attorneys' fees and costs pursuant to NMSA 1978, § 39-2-1.

## COUNT IV: NEGLIGENCE

65.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

66.     Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the damage. Defendant had and owed a duty to ensure that the damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

67.     Defendant and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

   C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and

   D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

68.     The acts and failures to act by and of Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith, and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## WAIVER & ESTOPPEL

69.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

70.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

71.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that exceed the minimum jurisdictional limits of this Honorable Court.

## ATTORNEYS' FEES

72.     As described above, Plaintiff is entitled to recover all reasonable and necessary attorneys' fees pursuant to NMSA 1978, § 39-2-1 and NMSA 1978, § 59A-16-20.

## JURY DEMAND

73.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays that judgement be entered against Defendant, and that Plaintiff be awarded actual damages, consequential damages, treble damages, punitive damages, prejudgment interest, additional statutory damages, post judgement interest, reasonable and necessary attorneys' fees, court costs, and all other such relief, general or specific, in law or in equity, whether pled or unpled, within this Complaint that Plaintiff is entitled to recover.

WHEREFORE for all the reasons set forth above, Plaintiff prays to be awarded all such relief to which it is due as a result of the acts of Defendant, and for all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**TIEMEIER & STICH, P.C.**

By: /s/ Lawrence A. VandenBout
Lawrence A. VandenBout
NM Bar No. 145739
1000 East 16th Ave.
Denver, CO 80218
Phone: (303) 531-0022
Fax: (303) 531-0021
lvandenbout@tslawpc.com

*Attorneys for Plaintiff*

14